# CHARLESTON.

## FRANK J. FLANAGAN v. FLANAGAN COAL CO.

Submitted March 9, 1916.   Decided March 14, 1916.

CORPORATIONS—*Unauthorized Acts of Officers—Ratification.*

Ratification by a majority of the directors, at a meeting duly called, of the unauthorized act of the president and general manager in borrowing money necessary for use in the due course of the company's business, renders it liable to the lender.

Error to Circuit Court, McDowell County.

Action by Frank J. Flanagan against the Flanagan Coal Company. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Strother, Taylor & Taylor* and *Harold A. Ritz,* for plaintiff in error.

*E. C. Marshall* and *Sanders, Crockett & Kee,* for defendants in error.

WILLIAMS, PRESIDENT:

By this writ of error defendant seeks reversal of a judgment recovered against it by plaintiff in assumpsit. The declaration contains two counts, the first the common counts in assumpsit, and the second a special count upon a promissory note payable to plaintiff on demand for the sum of $830.00, signed by defendant by its president James P. Flanagan,

who, it is averred, was duly authorized to execute it. Defendant pleaded non-assumpsit to the first count, and *non est factum* to the second. The issues were tried by a jury on plaintiff's evidence, defendant offering none.

It is insisted that the verdict of the jury is contrary to the law and the evidence, is not supported by the evidence and that the court erred in not setting it aside. Counsel contend that the note declared on was improperly admitted as evidence over its objection, because, they say, the authority of James P. Flanagan, its president, to execute it is not shown; and because it is not proven that the borrowed money, for which the note was executed, was expended in its behalf.

This case is unlike the two other cases of James P. Flanagan and Thomas J. Flanagan against this defendant, decided at the present term, in that the plaintiff in the present case, Frank J. Flanagan, was not a director of the defendant company, nor does it appear that he was even a stockholder.

That plaintiff loaned to his brother James P. Flanagan the amount of money for which he sues, is proven by the testimony of himself and James P. Flanagan. The latter was at that time president and general manager of defendant company, and he swears most positively that he used every dollar of the money in the company's business. There were five directors of the company. A directors' meeting was held at Welch on March 4th, pursuant to notice mailed to the directors on February 25th, 1913. James P. Flanagan, Thomas J. Flanagan and John F. Butler, constituting a majority of the directors, were present at that meeting. A resolution was there passed, reciting that it had been necessary for the president to borrow money from various banks and individuals in order to carry on the development of the company's coal works, and to meet certain losses sustained by the failure of certain of its customers to pay their bills for coal purchased. It was then resolved, "that we the directors of said company do here now ratify and confirm the action of the president in these matters, and further resolve that the company pay those obligations off as soon as possible, or take the necessary proceedings to pay them off." Although the president of the company was not expressly authorized to borrow money on behalf of his company, yet the foregoing resolution

was an express ratification of his act.   All three of the members present voted for the resolution and none of them were interested in the money claimed by this plaintiff.   The admission of James P. Flanagan, that he first placed the money in bank to his own credit, does not necessarily destroy the force of his testimony wherein he says he later checked it out in the payment of the company's bills.   The weight of his testimony was purely a question for the jury, and they believed him.   He says he borrowed the money for the company, and plaintiff says he loaned it to him for the company. We think the evidence sustains either count of the declaration.   The uncontradicted proof shows that defendant received the benefit of the money, which makes it liable upon an implied assumpsit.   10 Cyc. 1078, and numerous cases cited in note 8; and 7 Ruling Case Law, sec. 667.   And the resolution adopted by a majority of the directors renders it liable upon the express promise.   The ratification of the president's act of borrowing money without express authority to do so, and expressly undertaking to pay the sums borrowed, makes his act as binding on the company as if he had been duly authorized in the first place.

The judgment is affirmed.

*Affirmed.*